1  Ramon Rossi Lopez, Bar No. 86361
2  Matthew Ramon Lopez, Bar No. 263134
   **LOPEZ McHUGH LLP**
3  100 Bayview Circle, Suite 5600
   Newport Beach, CA 92660
4  Telephone: (949) 737-1501
   Facsimile: (949) 737-1504
5  rlopez@lopezmchugh.com
6  mlopez@lopezmchugh.com

7  Stephen Hunt, Jr. (of counsel, for *pro hac vice* consideration)
   **CORY, WATSON, CROWDER & DeGARIS, P.C.**
8  2131 Magnolia Ave., Suite 200
9  Birmingham, AL 35205
   Telephone: (205) 328-2200
10 Facsimile: (205) 324-7896
11 shunt@cwcd.com

12 Attorneys for Plaintiff MARY EIMERS

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15 MARY EIMERS,                    )  Case No.:  **SACV11-01826 MLG**
16                                 )  Judge:
                                   )  Department:
17        Plaintiff,               )
           vs.                     )
18                                 )  **COMPLAINT**
   MEDTRONIC, INC.; MEDTRONIC      )
19 SOFAMOR DANEK USA, INC., and    )  **1. NEGLIGENCE**
   KENSEY NASH CORPORATION, and    )  **2. STRICT PRODUCT LIABILITY**
20 DOES 1 through 10, inclusive,   )  **3. NEGLIGENT INFLICTION OF**
                                   )     **EMOTIONAL DISTRESS**
21                                 )  **4. INTENTIONAL INFLICTION OF**
           Defendants.             )     **EMOTIONAL DISTRESS**
22                                 )  **5. BREACH OF IMPLIED WARRANTY**
23                                 )  **6. FAILURE TO WARN**
                                   )  **7. FRAUD**
24                                 )  **8. MISREPRESENTATION BY**
                                   )     **OMISSION**
25                                 )  **9. VIOLATION OF** *BUSINESS AND*
26                                 )     *PROFESSIONS CODE* §§ 17200, *et seq.*
27                                 )
28

-1-

1    COME NOW, Plaintiff, MARY EIMERS, who, by her undersigned counsel, brings this

2  Complaint against Defendants related to the design, manufacturing, marketing and sale of the Mystique

3  Resorbable Graft Containment Plating System ("Mystique System"). This action is for compensatory,

4  equitable, injunctive and declaratory relief. Plaintiff makes the following allegations based upon her

5  individual personal knowledge as to her own acts, and upon information and belief, as well as upon her

6  attorneys' investigative efforts as to Defendants' actions and misconduct, and alleges as follows.

7                                               **PARTIES**

8    1.    Plaintiff Mary Eimers (hereinafter "Plaintiff") is a citizen and resident of Orange County,

9  California. Plaintiff was implanted with a Mystique System and suffered physical and other injury as a

10  result of the plate and Defendants' conduct as alleged herein.

11    2.    Defendant Medtronic, Inc. ("Medtronic") is a Minnesota corporation, with its principal

12  place of business in Minneapolis, Minnesota. Medtronic designs, manufactures and markets medical

13  devices worldwide. Upon information and belief, Medtronic participated in the design, manufacturing

14  and marketing of the Mystique System.

15    3.    Defendant Medtronic Sofamor Danek USA, Inc. ("MSD") is a Tennessee corporation

16  with its principal place of business in Memphis, Tennessee. MSD designs, manufactures and markets

17  products used in spinal and cranial surgery. Upon information and belief, MSD participated in the

18  design, manufacturing and marketing of the Mystique System.

19    4.    Defendant Kensey Nash Corporation ("Kensey Nash") is a Delaware corporation, with its

20  principal place of business in Exton, Pennsylvania. Upon information and belief, Kensey Nash

21  participated in the design, manufacturing and marketing of the Mystique System.

22    5.    Plaintiff does not know the true names and identities of those defendants designated as

23  DOES 1 through 10, inclusive, but alleges that each of said fictitiously named defendants was

24  negligently and unlawfully responsible for the events herein described, and for the injuries and damages

25  sustained by Plaintiff, MARY EIMERS, and Plaintiff will ask leave of court to amend this complaint

26  when the identity of each such fictitiously named defendant has been ascertained

27    6.    At all relevant times, each of the Defendants and their directors and officers acted within

28  the scope of their authority. During the relevant times, Defendants possessed a unity of interest between

1   themselves. As such, each Defendant is individually, as well as jointly and severally, liable to Plaintiff

2   for Plaintiff's damages.

3                              **JURISDICTION AND VENUE**

4        7.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity

5   jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and

6   because this is an action by an individual Plaintiff who is a citizen of a different state from the

7   Defendant.

8        8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because (a) Defendants did

9   business in this county by manufacturing, selling, marketing, and/or warranting the Mystique System;

10  (b) some of the acts and transactions described herein occurred within this county; and (c) some of the

11  injuries and causes of action alleged herein emanated from or occurred in this county.

12                              **FACTUAL ALLEGATIONS**

13       9.      An anterior cervical discectomy and fusion ("ACDF") is a surgical procedure performed

14  to remove a herniated or degenerative disc in the cervical (neck) spine. When performing an ACDF, the

15  surgeon removes the disc and fills the open disc space with a bone graft. The graft serves as a bridge

16  between the two vertebrae to create a spinal fusion. The bone graft and vertebrae are often immobilized

17  and held together with metal plates and screws. Following surgery the body begins its natural healing

18  process and new bone cells are formed around the graft. After 3 to 6 months, the bone graft should join

19  the vertebrae above and below to form one solid piece of bone.

20       10.     The Mystique System consists of a plate and screws that are made out of a PLDLA co-

21  polymer. This co-polymer consists of 70 percent Poly (L-lactide) and 30 percent Poly (D, L-lactide).

22  The Mystique System is designed to replace the metal plate and screw systems used in ACDF

23  procedures with material that can be absorbed by the body over time. It was originally developed by

24  MacroPore Biosurgery, Inc. as a part of the MacroPore Hydrosorb Spine System, and was given 510K

25  clearance from the FDA in July, 2004 as a Class II device.

26       11.     The MacroPore Biosurgery division of Cytori Therapeutics, Inc. sold the Hydrosorb

27  surgical implant product line, including the Mystique System, to Kensey Nash in 2007.

28       12.     The Mystique System has been marketed and distributed by MSD and Medtronic since its

---

1  inception.

2      13.    On or about March 29, 2008, Plaintiff underwent an ACDF of C6-C7 with structural

3  allograft bone and application of a Mystique System. The surgery was performed by Nitin N. Bhatia,

4  M.D. at the University of California Irvine Medical Center.

5      14.    After the surgery Plaintiff continued to have neck and left arm pain despite physical

6  therapy and cervical injections. She also had several episodes of dysphagia.

7      15.    On or about November 24, 2009, Plaintiff required a second ACDF.  This procedure was

8  performed by Robert Watkins, III, M.D.  During the surgery, Dr. Watkins noted that the prior fusion of

9  C6-C7 had failed. Dr. Watkins also encountered an abscess superficial to the disk space. The abscess

10  and remaining Hydrosorb material from the Mystique plate was removed.

11      16.    Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

12      17.    Plaintiff has incurred substantial medical bills and has lost wages.

13             **FIRST CAUSE OF ACTION**

14             **NEGLIGENCE**

15             **(Against All Defendants)**

16      18.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

17  the preceding paragraphs as though fully set forth herein.

18      19.    Defendants were negligent to Plaintiff in the following respects:

19      20.    Defendants at all times mentioned had a duty to properly manufacture, test, inspect,

20  package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for

21  use the Mystique System.

22      21.    Defendants at all times mentioned knew or in the exercise of reasonable care should have

23  known, that the Mystique System were of such a nature that they were not properly manufactured,

24  tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or

25  provided with the proper warnings, and were unreasonably likely to injure the Mystique System's users.

26      22.    Defendants so negligently and carelessly designed, manufactured, tested, failed to test,

27  inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined,

28  failed to examine and supplied the Mystique System, that they were dangerous and unsafe for the use

-4-

COMPLAINT

1 | and purpose for which it was intended.

2 |     23.    Defendants were aware of the probable consequences of the Mystique System.
3 | Defendants knew or should have known the Mystique System would cause serious injury; they failed to
4 | disclose the known or knowable risks associated with the Mystique System. Defendants willfully and
5 | deliberately failed to avoid those consequences, and in doing so, Defendants acted in conscious
6 | disregard of the safety of Plaintiff.

7 |     24.    Defendants owed a duty to Plaintiff to adequately warn her and her treating physicians, of
8 | the risks of breakage associated with the Mystique System and the resulting harm and risk it would
9 | cause patients.

10 |     25.    Defendants breached their duty by failing to comply with state and federal regulations
11 | concerning the study, testing, design, development, manufacture, inspection, production, advertisement,
12 | marketing, promotion, distribution, and/or sale of the Mystique System.

13 |     26.    As a direct and proximate result of the duties breached, the Mystique System used in
14 | Plaintiff's ACDF surgery failed, resulting in Plaintiff suffering pain and harm.

15 |     27.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered injuries
16 | and damages.

17 |     28.    Defendants' conduct in continuing to market, sell and distribute the Mystique System
18 | after obtaining knowledge they were failing and not performing as represented and intended, showed
19 | complete indifference to or a conscious disregard for the safety of others justifying an award of
20 | additional damages for aggravating circumstances in such a sum which will serve to deter Defendants
21 | and others from similar conduct in the future.

22 | <div align="center">**SECOND CAUSE OF ACTION**</div>

23 | <div align="center">**STRICT PRODUCT LIABILITY**</div>

24 | <div align="center">**(Against All Defendants)**</div>

25 |     29.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in
26 | preceding paragraphs as though fully set forth herein.

27 |     30.    Defendants are strictly liable to Plaintiff in the following respects:

28 |     31.    Defendants designed, manufactured, assembled, distributed, conveyed and/or sold the

<div align="center">-5-</div>

1 | Mystique System for ACDF procedures.

2 | 32. The Mystique System was defective because it failed to perform safely and effectively
3 | for the purpose for which it was originally designed. Plaintiff's Mystique System was a Class II device
4 | that failed while in her body causing her ACDF to fail, which required subsequent, painful and
5 | unnecessary removal surgery of her Mystique System and reimplementation of a metal plate and screw
6 | system.

7 | 33. At all times mentioned, the Mystique System was substantially in the same condition as
8 | when it left the possession of Defendants.

9 | 34. The Mystique System implanted into Plaintiff was being used in a manner reasonably
10 | anticipated at the time it was implanted in her by her surgeon.

11 | 35. The Mystique System, like the one found in Plaintiff, at the time they left the possession
12 | of Defendants were inherently dangerous for their intended use and were unreasonably dangerous
13 | products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as
14 | follows:

15 |  i. The Mystique System was sold in a defective condition by design and
16 |     manufacture;

17 |  ii. The Mystique System as designed and manufactured was unsafe to Plaintiff;

18 |  iii. The Mystique System as designed and manufactured was unreasonably dangerous
19 |      to Plaintiff;

20 |  iv. The Mystique System did not perform safely as an ordinary consumer/patient, like
21 |      Plaintiff, would expect;

22 |  v. The Mystique System as designed and manufactured was unsafe for its intended
23 |     use;

24 |  vi. Defendants failed to warn the end user about the dangers and risks of the product;

25 |  vii. Defendants knew the component parts of the Mystique System as implemented
26 |      through design and/or manufacture could cause injury to the end user;

27 |  viii. Failing to construct an adequate, safe and effective plate and screw system to
28 |       withstand the foreseeable stresses they would be subject to in the cervical region;

-6-

ix.    Any other acts or failures to act by Defendants regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Mystique System for ACDF surgery as will be learned during discovery.

36.    Defendants' conduct in continuing to market, sell and distribute the Mystique System after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendants and others from similar conduct in the future.

## THIRD CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

37.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

38.    Defendants are liable to Plaintiff for the negligent infliction of emotional distress in the following respect:

39.    Plaintiff suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Mystique System for ACDF surgery.

40.    Plaintiff suffered severe emotional distress, which was as a result of Defendants' negligent conduct in failing to adequately and safely design and construct an effective and safe Mystique System for ACDF surgery.

41.    Therefore, Defendants are liable to Plaintiff.

42.    Defendants' conduct in continuing to market, sell and distribute the Mystique System after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendants

-7-

1 and others from similar conduct in the future.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

43.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

44.     Defendants are liable to Plaintiff for the intentional infliction of emotional distress in the following respect:

45.     Plaintiff suffered severe emotional distress, which was as a result of Defendants' extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Mystique System for ACDF surgery.

46.     Plaintiff suffered severe emotional distress, which was as a result of Defendants' extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Mystique System for ACDF surgery, in complete and reckless disregard of safety to Plaintiff.

47.     Therefore, Defendants are liable to Plaintiff.

48.     Defendants' conduct in continuing to market, sell and distribute the Mystique System after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendants and others from similar conduct in the future.

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

### (Against All Defendants)

49.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

50.     Defendants are liable to Plaintiff for their breach of implied warranty in the following

-8-

1    respect:

2        51.    Defendants sold the Mystique System which was implanted in Plaintiff. Defendants

3    impliedly warranted to Plaintiff, her physicians and health care providers, that the Mystique System was

4    of merchantable quality and safe for the use for which they were intended.

5        52.    Defendants knew that the Mystique System at the time of sale was intended to be used for

6    the purpose of surgically implantation into the body during ACDF procedures.

7        53.    Plaintiff, her physicians and health care providers reasonably relied on Defendants'

8    judgment, indications and statements that the Mystique System was fit for such use.

9        54.    When the Mystique Systems were distributed into the stream of commerce and sold by

10   Defendants, they were unsafe for their intended use, and not of merchantable quality, as warranted by

11   Defendants in that they had very dangerous propensities when used as intended and implanted into a

12   patient's body where they could cause serious injury of harm to the end user.

13       55.    Plaintiff suffered such injuries and damages as a result of Defendants' conduct and

14   actions.

15                          **SIXTH CAUSE OF ACTION**

16                          **FAILURE TO WARN**

17                          **(Against All Defendants)**

18       56.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

19   preceding paragraphs as though fully set forth herein.

20       57.    In the course of business, Defendants designed, manufactured and sold the Mystique

21   System for ACDF surgeries.

22       58.    At the time of the design, manufacture and sale of the Mystique System, and more

23   specifically at the time Plaintiff received the Mystique System, they were defective and unreasonably

24   dangerous when put to their intended and reasonably anticipated use. Further the Mystique Systems

25   were not accompanied by proper warnings regarding significant adverse consequences associated with

26   the Mystique System.

27       59.    Defendants failed to provide any warnings, labels or instructions of its dangerous

28   propensities that were known or reasonably scientifically knowable at the time of distribution. The

                                    -9-

1 reasonably foreseeable use of the products involved significant dangers not readily obvious to the
2 ordinary user of the products. Defendants failed to warn of the known or knowable injuries associated
3 with malfunction of the Mystique System, including but not limited to failure of the plate and screw
4 system to contain the bone graft and result in failed fusion, thus necessitating subsequent surgical
5 procedures.

6      60.    The dangerous and defective conditions in the Mystique System existed at the time they
7 were delivered by the manufacturer to the distributor. At the time Plaintiff had her ACDF surgery the
8 Mystique System was in the same condition as when manufactured, distributed and sold.

9      61.    Plaintiff did not know at the time of use of the Mystique System, not at any time prior
10 thereto, of the existence of the defects in the Patches.

11      62.    Plaintiff suffered the aforementioned injuries and damages as a direct result of
12 Defendants' failure to warn.

13      63.    The conduct of Defendant in continuing to market, promote, sell and distribute the
14 Mystique System after obtaining knowledge that the products were failing and not performing as
15 represented and intended, showed a complete indifference to or conscious disregard for the safety of
16 others justifying an award in such sum which will serve to deter Defendants and others from similar
17 conduct.

18                            **SEVENTH CAUSE OF ACTION**

19                                  **FRAUD**

20                        **(Against All Defendants)**

21      64.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in
22 preceding paragraphs as though fully set forth herein.

23      65.    In the course of business, Defendants designed, manufactured and sold the Mystique
24 System for ACDF surgeries.

25      66.    At the time of the design, manufacture and sale of the Mystique System, and more
26 specifically at the time Plaintiff received the Mystique System, they were defective and unreasonably
27 dangerous when put to their intended and reasonably anticipated use. Further the Mystique Systems
28 were not accompanied by proper warnings regarding significant adverse consequences associated with

-10-

1    the Mystique System.

2    67.    Defendants were aware of the dangerous and defective condition of the products and

3 intentionally withheld this information from Plaintiff, Plaintiff's physicians, and the general public even

4 though these significant dangers were not readily obvious to the ordinary user of the products, even after

5 a post surgical complication had arisen.

6    68.    Defendants fraudulently presented to Plaintiff, Plaintiff's physicians, and the general

7 public that the Mystique System was a safe and effective product while they were fully aware that the

8 dangerous and defective nature of the Mystique System could and would cause injuries such as those

9 suffered by Plaintiff.

10    69.    Plaintiff and Plaintiff's physicians relied upon the fraudulent misrepresentations and

11 concealments of Defendants and allowed for the defective Mystique System to be implanted.

12    70.    As a direct and proximate result of Plaintiff's reliance on Defendants' fraudulent

13 misrepresentations and concealments, Plaintiff was seriously and permanently injured.

14    71.    The conduct of Defendants in continuing to fraudulently market, promote, sell and

15 distribute the Mystique System while fraudulently concealing knowledge that the products were failing

16 and not performing as represented and intended, showed a complete indifference to or conscious

17 disregard for the safety of others justifying an award in such sum which will serve to deter Defendants

18 and others from similar conduct.

19                 **EIGHTH CAUSE OF ACTION**

20            **MISREPRESENTATION BY OMISSION**

21                   **(Against All Defendants)**

22    72.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in

23 preceding paragraphs as though fully set forth herein.

24    73.    Defendants misrepresented the mechanical soundness and reliability of the Mystique

25 System to the general public through promotional and marketing campaigns. Defendants continued this

26 misrepresentation for an extended period of time, without disclosing material information regarding the

27 defective, hazardous, and harmful complications relating to the Mystique System.

28    74.    Defendants took advantage of the limited ability Plaintiff had to discover Defendants'

1  strategic and intentional concealment of the defects in their Mystique System.

2      75.    Defendants concealed these design and/or manufacturing defects from the public by

3  withholding information pertaining to the inherent design and/or manufacturing defects and high risks of

4  failure relating to the Mystique System, and presenting the devices as sound and reliable.

5      76.    Defendants' intentional misrepresentations and omissions were made willfully, wantonly

6  or recklessly to Plaintiff, the public at large, and Plaintiff's surgeons to induce the purchase of

7  Defendants' Mystique System over other plate and screw systems on the market.

8      77.    Defendants knew or should have known of the high risk the Plaintiff would encounter by

9  unwittingly agreeing to have implanted one of Defendants' defectively designed and/or manufactured

10  Mystique System.

11                              **NINTH CAUSE OF ACTION**

12           **VIOLATION OF _BUSINESS AND PROFESSIONS CODE_ §§ 17200, _et seq._**

13                                **(Against All Defendants)**

14      78.    Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth

15  herein. Because no discovery has been permitted, Plaintiff cannot specify the FDA requirements

16  because filings with the FDA are confidential.

17      79.     Defendants have a statutory duty to refrain from unfair or deceptive acts or practices in

18  the design, development, manufacture, promotion and sale of the defective leads.

19      80.    Had the Defendants not engaged in the deceptive conduct described herein, Plaintiff

20  would not have purchased and/or paid for the defective lead, and would not have incurred related

21  medical costs and injury.

22      81.    Defendants engaged in wrongful conduct while at the same time obtaining, under false

23  pretenses, substantial sums of money from Plaintiff for the defective Mystique System that would not

24  have been paid had Defendants not engaged in unfair and deceptive conduct.

25      82.    Plaintiff was injured by the cumulative and indivisible nature of Defendants' conduct.

26  The cumulative effect of Defendants' conduct directed at patients, physicians and consumers was to

27  create demand for and sell the Mystique System. Each aspect of Defendants' conduct combined to

28  artificially create sales of the Mystique System.

-12-

1      83.    Defendants are liable to Plaintiff jointly and severally for all general, special and

2 injunctive relief to which Plaintiff is entitled by law. Under statutes enacted in California to protect

3 consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and

4 false advertising, Plaintiff is a consumer who purchased the Mystique System pursuant to a consumer

5 transaction for personal use and is therefore subject to protection under such legislation.

6      84.    Under statutes enacted in California to protect consumers against unfair, deceptive,

7 fraudulent and unconscionable trade and business practices and false advertising, Defendants are the

8 supplier, manufacturer, advertiser, and seller, who are subject to liability under such legislation for

9 unfair, deceptive, fraudulent and unconscionable consumer sales practices.

10     85.    Defendants violated the statutes enacted in California to protect consumers against unfair,

11 deceptive, fraudulent and unconscionable trade and business practices and false advertising, by

12 knowingly and falsely representing that the leads were fit to be used for the purpose for which they were

13 intended, when in fact the leads were defective and dangerous, and by other acts alleged herein. These

14 representations were made in uniform promotional materials.

15     86.    The actions and omissions of Defendants alleged herein are uncured or incurable

16 deceptive acts under the statutes enacted in California to protect consumers against unfair, deceptive,

17 fraudulent and unconscionable trade and business practices and false advertising.

18     87.    Defendants had actual knowledge of the defective and dangerous condition of the

19 Mystique System, and failed to take any action to cure such defective and dangerous conditions.

20     88.    Plaintiff and the medical community relied upon Defendants' misrepresentations and

21 omissions in determining which plate and screw system to utilize for ACDF procedures.

22     89.    Defendants' deceptive, unconscionable or fraudulent representations and material

23 omissions to patients, physicians and consumers, including Plaintiff, constituted unfair and deceptive

24 acts and practices in violation of *Business and Professions Code* §§ 17200 *et seq*.

25     90.    By reason of the unlawful acts engaged in by Defendants, and as a direct and proximate

26 result thereof, Plaintiff has suffered ascertainable loss and damages.

27     91.    As a direct and proximate result of Defendants' violations of *Business and Professions*

28 *Code* §§ 17200 *et seq*., Plaintiff has sustained economic losses and other damages and is entitled to

1 | statutory, compensatory, injunctive and declaratory relief in an amount to be proven at trial.

2 |      92.    Plaintiff pursuant to *Business and Professions Code* § 17203, seeks an order of this court

3 | compelling the Defendants to provide restitution, and to disgorge the monies collected and profits

4 | realized by the Defendants, and each of them, as a result of their unfair business practices, and injunctive

5 | relief calling for the Defendants, and each of them, to forever cease and desist such unfair business

6 | practices in the future

7 | <center>**PRAYER FOR DAMAGES**</center>

8 |     **WHEREFORE**, Plaintiff MARY EIMERS prays for relief on the entire Complaint as follows:

9 | **AS TO THE FIRST CAUSE OF ACTION FOR NEGLIGENCE:**

10 |     1.    General damages according to proof at the time of trial;

11 |     2.    Medical and other special damages, past, present and future, according to proof at the

12 | time of trial;

13 |     3.    Loss of earnings and loss of earnings capacity, according to proof at the time of trial;

14 |     4.    For medical monitoring according to proof;

15 |     5.    For pre-judgment and post-judgment interest as followed by the laws of the state of

16 | California;

17 |     6.    Costs of suit incurred herein; and

18 |     7.    For such other and further relief as the court may deem just and proper.

19 | **AS TO THE SECOND CAUSE OF ACTION FOR STRICT PRODUCT LIABILITY:**

20 |     1.    General damages according to proof at the time of trial;

21 |     2.    Medical and other special damages, past, present and future, according to proof at the

22 | time of trial;

23 |     3.    Loss of earnings and loss of earnings capacity, according to proof at the time of trial;

24 |     4.    For medical monitoring according to proof;

25 |     5.    For pre-judgment and post-judgment interest as followed by the laws of the state of

26 | California;

27 |     6.    Costs of suit incurred herein; and

28 |     7.    For such other and further relief as the court may deem just and proper.

<center>-14-</center>

1     **AS TO THE THIRD CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF**

2   **EMOTIONAL DISTRESS:**

3        1.    General damages according to proof at the time of trial;

4        2.    Medical and other special damages, past, present and future, according to proof at the

5   time of trial;

6        3.    Loss of earnings and loss of earnings capacity, according to proof at the time of trial;

7        4.    For medical monitoring according to proof;

8        5.    For pre-judgment and post-judgment interest as followed by the laws of the state of

9   California;

10       6.    Costs of suit incurred herein; and

11       7.    For such other and further relief as the court may deem just and proper.

12     **AS TO THE FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF**

13   **EMOTIONAL DISTRESS:**

14        1.    General damages according to proof at the time of trial;

15        2.    Medical and other special damages, past, present and future, according to proof at the

16   time of trial;

17        3.    Loss of earnings and loss of earnings capacity, according to proof at the time of trial;

18        4.    For medical monitoring according to proof;

19        5.    For pre-judgment and post-judgment interest as followed by the laws of the state of

20   California;

21       6.    Punitive and exemplary damages;

22       7.    Costs of suit incurred herein; and

23       8.    For such other and further relief as the court may deem just and proper.

24     **AS TO THE FIFTH CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY:**

25       1.    General damages according to proof at the time of trial;

26       2.    Medical and other special damages, past, present and future, according to proof at the

27   time of trial;

28       3.    Loss of earnings and loss of earnings capacity, according to proof at the time of trial;

COMPLAINT

1      4.      For medical monitoring according to proof;

2      5.      For pre-judgment and post-judgment interest as followed by the laws of the state of

3 California;

4      6.      Costs of suit incurred herein; and

5      7.      For such other and further relief as the court may deem just and proper.

6      **AS TO THE SIXTH CAUSE OF ACTION FOR FAILURE TO WARN:**

7      1.      General damages according to proof at the time of trial;

8      2.      Medical and other special damages, past, present and future, according to proof at the

9 time of trial;

10      3.      Loss of earnings and loss of earnings capacity, according to proof at the time of trial;

11      4.      For medical monitoring according to proof;

12      5.      For pre-judgment and post-judgment interest as followed by the laws of the state of

13 California;

14      6.      Costs of suit incurred herein; and

15      7.      For such other and further relief as the court may deem just and proper.

16      **AS TO THE SEVENTH CAUSE OF ACTION FOR FRAUD:**

17      1.      General damages according to proof at the time of trial;

18      2.      Medical and other special damages, past, present and future, according to proof at the

19 time of trial;

20      3.      Loss of earnings and loss of earnings capacity, according to proof at the time of trial;

21      4.      For medical monitoring according to proof;

22      5.      For pre-judgment and post-judgment interest as followed by the laws of the state of

23 California;

24      6.      Punitive and exemplary damages;

25      7.      Costs of suit incurred herein; and

26      8.      For such other and further relief as the court may deem just and proper.

27

28   / / /

**AS TO THE EIGHTH CAUSE OF ACTION FOR MISREPRESENTATION BY OMISSION:**

1. General damages according to proof at the time of trial;

2. Medical and other special damages, past, present and future, according to proof at the time of trial;

3. Loss of earnings and loss of earnings capacity, according to proof at the time of trial;

4. For medical monitoring according to proof;

5. For pre-judgment and post-judgment interest as followed by the laws of the state of California;

6. Punitive and exemplary damages;

7. Costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

**AS TO THE NINTH CAUSE OF ACTION FOR MISREPRESENTATION BY OMISSION:**

1. For injunctive relief, forever enjoining defendants from the acts of unfair competition and untrue and misleading business practices, and ordering defendants to pay restitution to Plaintiff, MARY EIMERS, all funds acquired by means of any act or practice declared by this Court to be in violation of *Business and Professions Code* §§ 17200, *et seq.*, unlawful or fraudulent, or to constitute unfair competition or untrue or misleading advertising;

2. For disgorgement of Defendants' profits;

3. For exemplary and punitive damages in an amount to be proven at trial;

4. For attorneys fees, according to proof;

5. For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

-17-

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff MARY EIMERS demands a jury trial.

3

4    DATED: November 23, 2011                    LOPEZ McHUGH LLP

5

6

7                                        By: _____
                                              Ramon Rossi Lopez
8                                             Matthew Ramon Lopez

9                                            Attorneys for Plaintiff, MARY EIMERS

10

11   **Of Counsel:**

12   Stephen Hunt, Jr. (for *pro hac vice* consideration)
13   Cory, Watson, Crowder & DeGaris, P.C.
     2131 Magnolia Ave., Suite 200
14   Birmingham, AL 35205
15   shunt@cwcd.com

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

COMPLAINT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO COUNSEL
**(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)**

*The court has directed that the following rules be specifically called to your attention:*

    I.    Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 11-06].

    II.   Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)

    III.  Service of Papers and Process (Local Rule 4)

**I.    NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

    ***Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.***

    This case has been randomly assigned to Magistrate Judge Marc L. Goldman under the Direct Assignment of Civil Cases to Magistrate Judges Program in accordance with General Order 11-06. The case number on all documents filed with the court must read as follows: SACV11- 1826 MLG

    The parties are advised that their consent is required if the above assigned magistrate judge is to conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Should the parties not consent to proceed before the above assigned magistrate judge, the case will be randomly reassigned to a district judge. If this occurs, the parties cannot later consent to reassignment of the case to any other magistrate judge.

    **The parties are further advised that they are free to withhold consent without adverse substantive consequences. If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. Except as provided in Local Rule 73-2.4.1.1, for cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 42 days after service of the summons and complaint upon that defendant, and within 42 days by plaintiff after service upon the first-served defendant. If the United States, an agency of the United States, or an officer or employee of the United States is a defendant, the statement of consent shall be filed by the government defendant within 60 days after service of the summons and complaint upon that defendant.**

    **For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 14 days after the notice of removal is filed.**

    Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time required by Local Rule 73-2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the case as the discovery judge. (Local Rule 73-2.6)

You may contact the Civil Consent Case Coordinator at (213) 894-1871 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about the Direct Assignment of Civil Cases to Magistrate Judges Program.

## II.   CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1 states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## III.   SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) OR PRO PER:

ATTORNEYS FOR:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARY EIMERS** <br><br> Plaintiff(s), | **CASE NUMBER** <br><br> **SACV11- 1826 MLG** |
| V. <br><br> **MEDTRONIC INC ET AL** <br><br> Defendant(s) | **STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STASTES MAGISTRATE JUDGE** <br> (For use in Magistrate Judge <br> Civil Consent Pilot Project Cases only) |

### *THIS FORM SHALL BE USED ONLY FOR CASES IN WHICH A MAGISTRATE JUDGE IS INITIALLY ASSIGNED PURSUANT TO LOCAL RULE 73-2*

In accordance with General Order 11-06 and Local Rule 73-2 the above-captioned civil matter has been randomly assigned to Magistrate Judge _____. All parties to the above-captioned civil matter are to select one of the following two options and file this document with the Clerk's Office.

☐ In accordance with the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P.73(b), the party or parties listed below to the above-captioned civil matter hereby waive their right to proceed before a District Judge and Consent to have the assigned Magistrate Judge Marc Goldman conduct all further proceedings in the case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☐ The party or parties listed below to the above-captioned civil matter Do Not Consent to proceed before the assigned Magistrate Judge Marc Goldman.

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (OR Party if Pro Per) | Signature and date | Counsel for (Name of Party or Parties) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

☐ Party filing this form shall check this box if all parties have consented to proceed before the assigned Magistrate Judge

### NOTICE TO COUNSEL FROM CLERK

All parties having consented to proceed before the assigned magistrate judge, this case will remain assigned to United States Magistrate Judge Marc Goldman for all further proceedings.

CV-11C (06/11)      **STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STASTES MAGISTRATE JUDGE**
(For use in Magistrate Judge Civil Consent Pilot Project Cases only)

Name & Address:
Matthew Ramon Lopez, Bar No. 263134
Lopez McHugh, LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
Telephone: (949) 737-1501; Fax: (949) 737-1504

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MARY EIMERS | CASE NUMBER |
| | **SACV11-01826 MLG** |
| PLAINTIFF(S) | |
| v. | |
| MEDTRONIC, INC.; MEDTRONIC SOFAMOR DANEK USA, INC.; and KENSEY NASH CORPORATION, and DOES 1 through 10, inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO:  DEFENDANT(S):  KENSEY NASH CORPORATION c/o THE CORPORATION TRUST COMPANY
        Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Matthew Ramon Lopez_____, whose address is _100 Bayview Circle, Suite 5600, Newport Beach, CA 92660_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

NOV 2 3 2011

Dated: _____          By: _____

                                                          Deputy Clerk

                                                  (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Matthew Ramon Lopez, Bar No. 263134
Lopez McHugh, LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
Telephone: (949) 737-1501; Fax: (949) 737-1504

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MARY EIMERS | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br><br>v. | SACV11-01826 MLG |
| MEDTRONIC, INC.; MEDTRONIC SOFAMOR DANEK USA, INC.; and KENSEY NASH CORPORATION, and DOES 1 through 10, inclusive<br><br>DEFENDANT(S). | SUMMONS |

TO:    DEFENDANT(S): MEDTRONIC, INC. c/o CT CORPORATION SYSTEM
818 West Seventh Street, Los Angeles, CA 90017

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Matthew Ramon Lopez_____, whose address is _100 Bayview Circle, Suite 5600, Newport Beach, CA 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated:  **NOV 23 2011**

Clerk, U.S. District Court

By: _____
Deputy Clerk
*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address:
Matthew Ramon Lopez, Bar No. 263134
Lopez McHugh, LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
Telephone: (949) 737-1501; Fax: (949) 737-1504

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MARY EIMERS | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV11-01826 MLG** |
| v. | |
| MEDTRONIC, INC.; MEDTRONIC SOFAMOR DANEK USA, INC.; and KENSEY NASH CORPORATION, and DOES 1 through 10, inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): MEDTRONIC SOFAMOR DANEK USA, INC. c/o CT CORPORATION SYSTEM
818 West Seventh Street, Los Angeles, CA 90017

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Matthew Ramon Lopez _____, whose address is 100 Bayview Circle, Suite 5600, Newport Beach, CA 92660 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ **NOV 23 2011** _____

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) MARY EIMERS | DEFENDANTS MEDTRONIC, INC.; MEDTRONIC SOFAMOR DANEK USA, INC.; and KENSEY NASH CORPORATION, and DOES 1 through 10, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Ramon Rossi Lopez, Bar No. 86361; Matthew Ramon Lopez, Bar No. 263134 Lopez McHugh, LLP 100 Bayview Circle, Suite 5600, Newport Beach, CA 92660, (949) 737-1501 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III.)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332; Personal Injury - Products Liability

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☒ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV11-01826 MLG

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Hennepin County, Minnesota |
| | Shelby, Tennessee |
| | Chester County, Pennsylvania |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date November 23, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |